IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JACQUELINE AGNES CLAXTON, | ) Civ. No. 12-00433 JMS-KSC |
| | ) (Cr. No. 10-00108 JMS) |
| Petitioner, | ) |
| | ) FINAL ORDER DENYING MOTION |
| vs. | ) UNDER 28 U.S.C. § 2255 TO |
| | ) VACATE, SET ASIDE, OR CORRECT |
| UNITED STATES OF AMERICA, | ) SENTENCE BY A PERSON IN |
| | ) FEDERAL CUSTODY; AND |
| Respondent. | ) DENYING CERTIFICATE OF |
| | ) APPEALABILITY |
| _____ | ) |

**<u>FINAL ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY; AND DENYING CERTIFICATE OF APPEALABILITY</u>**

On March 18, 2013, the court issued an Order Denying in Part Petitioner Agnes Claxton's ("Claxton") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion") as to Grounds One, Two, Three, and Five of the § 2255 Motion (the "March 18, 2013 Order"). The court also denied a Certificate of Appealability as to those grounds. As set forth in the March 18, 2013 Order, however, an evidentiary hearing was required to evaluate Ground Four of the § 2255 Motion, alleging ineffective assistance of counsel as to Claxton's former counsel, William Harrison ("Harrison").

The court held the evidentiary hearing on June 24, 2013, where

Harrison and Claxton both testified.  For the reasons stated on the record in open court -- having considered the filings and record in the case, as well as the demeanor and manner of the testimony of the witnesses -- the court DENIES the § 2255 Motion as to Ground Four.

The court also concludes that Claxton has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and thus DENIES a certificate of appealability as to Ground Four.  *See* R. 11 Governing Section 2255 Proceedings (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  There is no basis for finding that the performance of counsel was deficient and that any deficiency was prejudicial.  *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (explaining standards for ineffective assistance of counsel).  The court has made a credibility determination, finding that Harrison testified credibly that he fully consulted with Claxton regarding her appeal rights, and that she specifically instructed Harrison not to file a notice of appeal.  *See Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000) (setting forth standards to evaluate ineffective assistance of counsel where a notice of appeal is not filed).

Having made such a credibility determination, a certificate of appealability is not warranted.  *See, e.g.*, *United States v. Washington*, 425 Fed.

Appx. 735, 2011 WL 2210029, at *1 (10th Cir. June 8, 2011). That is, given the court's factual findings, no reasonable jurist could find it debatable that Claxton has failed to meet the *Strickland* standard. *See, e.g.*, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").

To summarize, for the reasons stated in open court as to Ground Four (and for the reasons given in the March 18, 2013 Order as to Grounds One, Two, Three, and Five), the § 2255 Motion is DENIED. The Clerk of Court shall close the case file.

IT IS SO ORDERED.

DATED, Honolulu, Hawaii: June 25, 2013.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Claxton v. United States*, Civ. No. 12-00433 JMS-KSC; Cr. No. 10-00108 JMS, Final Order Denying Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody; and Denying Certificate of Appealability